# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BERTHA M. BLACKBURN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11CV00033 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WISE COUNTY SCHOOL** | ) | By: James P. Jones |
| **BOARD,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Edward G. Stout, Curcio & Stout, Bristol, Virginia, for Plaintiff; Jim H. Guynn, Jr., and Elizabeth K. Dillon, Guynn, Memmer & Dillon, P.C., Salem, Virginia, for Defendant.*

In this civil case, the plaintiff alleges in her Complaint that her employer wrongfully terminated her on account of her age in violation of the Age Discrimination in Employment Act. Because I find that the plaintiff has failed to create a genuine issue of material fact as to her employer's alleged intentional discrimination, I will grant summary judgment in favor of the defendant.

I

The facts, which are presented in the light most favorable to the plaintiff for the purposes of the present motion, are as follows.

The plaintiff, Bertha M. Blackburn, was employed by the Wise County School Board ("the School Board") as a secretary/bookkeeper at J.J. Kelly High

School for thirty-seven years. As a non-teaching employee, Blackburn was employed on a year-to-year basis, with her salary increasing alongside her years of experience.

Over the course of her employment, Blackburn's performance evaluations were generally good to excellent. However, on a few occasions, Blackburn's supervisors advised her that she had an attitude problem or struggled with interpersonal relationships. Specifically, in 2007, her supervisor and school principal, Charles Collins, noted in an evaluation that she needed to work on her attitude. In February 2010, another evaluation indicated that Blackburn had unacceptable performance with respect to her attitude and interpersonal relationships.[1] Blackburn also received a memo from Collins dated September 29, 2009, regarding a complaint from a parent stating that Blackburn was rude to her in the school office.

During the 2009-2010 school year, Blackburn became aware that the School Board was experiencing financial difficulties. She was advised that there would possibly be personnel cutbacks by the School Board, and that the School Board

---

[1] Blackburn alleges that this evaluation was completed subsequent to Collins' decision not to renew Blackburn's employment contract.

was offering a retirement incentive. While approximately forty employees retired with the incentive, Blackburn initially chose not to accept the offer.

On March 9, 2010, Blackburn was informed that the School Board had decided not to renew her employment contract for the 2010-2011 school year. Principal Collins referred to "tough economic times" in advising her of the School Board's decision. (Pl.'s Compl. 2.) That same day, Blackburn met with the School Board Superintendent, Dr. Jeff Perry, to discuss her upcoming termination. Dr. Perry told Blackburn that Collins had spoken with him regarding Blackburn's termination, and that he had advised Collins that he would support this decision. Dr. Perry did not give any specific explanation for Blackburn's termination.

Approximately one week later, Blackburn met again with Dr. Perry, as well as the School Board's Human Resources Director and others. In this meeting, Dr. Perry mentioned Blackburn's negative evaluation from February 2010 and the complaint from the parent concerning her rudeness in the school office.

After the School Board's decision not to renew her employment contract, Blackburn signed a letter of resignation. The School Board allowed her to take part in the retirement incentive program, even though the deadline for that program had expired. Blackburn was roughly fifty-five years old at the time she learned of

the School Board's decision. She was replaced by a twenty-six year old female with less experience.

As a result of the defendant's decision not to renew her employment contract, Blackburn asserted a claim against the defendant for discrimination due to her age in violation of the Age Discrimination in Employment Act ("the ADEA"). The defendant has moved for summary judgment. *See* Fed. R. Civ. P. 56(a). The motion has been briefed and is ripe for decision.

II

An award of summary judgment is appropriate where there is no genuine dispute as to any material fact such that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must assess the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a

disfavored procedural shortcut," but is an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id*. at 327.

Applying these standards, the defendant's Motion for Summary Judgment must be granted.

The ADEA makes it unlawful for "an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age. *See* 29 U.S.C.A. § 623(a)(1) (West 2008). A plaintiff may establish a claim of disparate treatment by demonstrating through either direct or circumstantial evidence that age discrimination was an impermissible motivating factor in the employer's adverse employment decision.[2] *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). Because Blackburn offers no direct evidence of discrimination, her age discrimination claim is

---

[2] In her response brief, the plaintiff correctly notes that, in addition to "disparate treatment" claims, the ADEA also permits "disparate impact" claims. To establish a prima facie case of disparate impact discrimination, a plaintiff must show that an employer's "facially neutral employment practice had a significantly discriminatory impact." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 265 (4th Cir. 2005) (internal quotation marks and citations omitted). The record does not support this characterization of Blackburn's claim. Blackburn has not presented any evidence of a general employment policy that disproportionately impacts elderly employees. Simply put, the fact that one elderly individual is affected by an isolated adverse employment decision is not of sufficient statistical significance to establish a prima facie case of age discrimination under a disparate impact theory.

analyzed using the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The *McDonnell Douglas* framework requires the plaintiff to prove a prima facie case of discrimination by a preponderance of the evidence. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). A prima facie case of age discrimination consists of four elements: (1) the plaintiff is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *See Hill*, 354 F.3d at 285.

If the plaintiff is able to set forth a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *See McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendant makes this showing, the plaintiff must then prove by a preponderance of the evidence that the proffered reason is only a pretext for the action taken. *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). To establish pretext, the plaintiff must discredit the employer's explanation "by showing that [it] is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of age discrimination." *Mereish v.*

*Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (quoting *Burdine*, 450 U.S. at 256). The plaintiff's burden to establish pretext merges with her ultimate burden of persuasion, which remains with the plaintiff throughout the *McDonnell Douglas* framework. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2348 (2009).

In this case, Blackburn succeeds in making out a prima facie case of age discrimination. However, she does not offer sufficient evidence to establish that the School Board's proffered nondiscriminatory reasons for refusing to renew her contract were a mere pretext for its action.

The School Board references budgetary concerns, as well as Blackburn's poor work attitude, as grounds for terminating her employment. It points to evidence in Blackburn's employment record showing that Blackburn was reprimanded for problems with respect to her attitude and interpersonal relationships, and that a parent had complained about Blackburn's rude behavior in the school office. While Blackburn denies the incident with the parent, she admits that she previously was cautioned regarding her attitude problems, and that she did nothing to improve in that respect. Additionally, Blackburn was aware of the budgetary shortfall for the 2010-2011 school year and acknowledges that economics played a part in the School Board's decision not to renew her contract. Rebuttal of less than all of an employer's proffered reasons for its action may be

insufficient to establish pretext absent additional evidence of discrimination. *See Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 473 (7th Cir. 2002).

Furthermore, even taking all of Blackburn's factual allegations as true, she fails to provide any evidence that a discriminatory motive underlied the School Board's decision. Blackburn attempts to infer age discrimination by equating her advanced salary with her advanced age. In other words, she argues that her contract was not renewed because she made too much money, and that she made too much money because she was old. However, while it is true that Collins mentioned "tough economic times" as a reason for the School Board's decision, comments relating to an employee's higher level of compensation have been construed to establish an economic concern, rather than age-based animus. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993). There is no inference of intentional discrimination to be drawn when an employer considers factors that may correlate with age. *See id.* at 608-611; *Denio v. Asplundh Tree Expert Co.*, No. 95-1904, 1996 WL 423125, at *3 (4th Cir. July 30, 1996) (unpublished). Thus, even if the School Board's decision was motivated by a desire to reduce its salary costs, this does not support a claim of disparate treatment under the ADEA.

III

Accordingly, the defendant's Motion for Summary Judgment will be granted and final judgment entered in its favor.

      DATED:   April 17, 2012

      /s/  James P. Jones
      United States District Judge